# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

                Plaintiff-Appellee,

v

BRADFORD SCOTT MITCHELL,

                Defendant-Appellant.

UNPUBLISHED
April 14, 2015

No. 320003
Saginaw Circuit Court
LC No. 11-035954-FC

Before: OWENS, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of manslaughter, MCL 750.321. He was sentenced as a second habitual offender, MCL 769.10, to serve 180 months to 706 months in prison.[1]

In January 2011, defendant believed the victim owed him five dollars and set about trying to recover it. Both the victim's ex-wife and friend saw the victim on January 14, 2011, and witnessed or heard about defendant's attempts to recover the money he believed he was owed. The victim's ex-wife recalled at trial that defendant came to the victim's apartment multiple times and banged on the doors, yelling obscenities and threatening the victim. One of the victim's friends recounted that the victim was upset with defendant's antics.

On January 16, 2011, the victim was found dead in his apartment. The medical examiner testified that he had suffered injuries to his head, neck, and back, including a skull fracture and five stab wounds in the back of his head and neck. Defendant was interviewed and admitted having been involved in a physical altercation with the victim. However, he claimed that he had only struck the victim in self-defense.

---

[1] This is the second appeal in this case. In the first appeal, we reversed defendant's conviction of second-degree murder, MCL 750.317, and remanded for a new trial on grounds that the jury should have been instructed on voluntary manslaughter. *People v Mitchell*, 301 Mich App 282, 289; 835 NW2d 615 (2013). We also concluded that there was insufficient evidence to prove that defendant was guilty of carrying a weapon with unlawful intent in violation of MCL 750.226. *Id*. at 294.

Defendant raises two issues on appeal. First, he argues that he was denied his Sixth and Fourteenth Amendment rights when the trial court engaged in judicial fact-finding that impermissibly increased his minimum sentence in violation of *Alleyne v United States*, 570 US___; 133 S Ct 2151; 186 L Ed 2d 314 (2013) (holding that any fact that increases a mandatory minimum sentence is an element of a crime "that must be submitted to the jury and found beyond a reasonable doubt"). Defendant acknowledges that in *People v Herron*, 303 Mich App 392, 405; 845 NW2d 533 (2013), this Court held that Michigan's sentencing guidelines are consistent with *Alleyne* and do not violate the Sixth Amendment. He also acknowledges that *Herron* is binding precedent, MCR 7.215(J)(1), but urges this Court to conclude that *Herron* was wrongly decided and call for a conflict panel pursuant to MCR 7.215(J). Our Supreme Court has held *Herron*'s application for leave to appeal in abeyance pending its decision in *People v Lockridge* (Supreme Court Docket No. 149073). *People v Herron*, ___ Mich ___; 846 NW2d 924 (2014). We decline to call for a conflict panel because the issue is of significant import and is already slated to be resolved by our Supreme Court. Until the Supreme Court rules, we are bound by *Herron*.

Defendant also argues that trial counsel was ineffective for failing to object to the trial court's judicial fact-finding at sentencing. However, in light of defense counsel's subsequent motion for resentencing based on *Alleyne*, we do not find that defense counsel's performance was deficient. See *People v Frazier*, 478 Mich 231, 243; 733 NW2d 713 (2007). Further, given that Michigan's sentencing guidelines do not run afoul of *Alleyne*, defendant cannot show that the initial failure to object was outcome determinative. *Id*.

Affirmed.

/s/ Donald S. Owens
/s/ Kathleen Jansen
/s/ Christopher M. Murray

-2-